IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-662-WHA |
| | ) | |
| ANTHONY J. WHITE and BH TRANSFER CO., INC., | ) | (WO) |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Defendants' requested jury charges. Specifically, charges number 1, 2, 3, 4, which the Defendant has requested as being appropriate in this case because, the Defendants contend, this case presents an issue of premises liability.

The Defendants set out their theory of premises liability in a brief in support of a motion for summary judgment. Basically, the Defendants contend that rules of the Plaintiff's employer require an employee such as the Plaintiff to wait for a red light to go off before entering a delivery trailer to unload the contents and that, since the light was still on when Plaintiff entered the trailer operated by Defendant Anthony White, the Plaintiff was a trespasser. The Plaintiff has responded to this argument in his trial brief. The court has considered both briefs in evaluating the propriety of the requested charges.

It is apparently undisputed in this case that the injury to the Plaintiff, Christopher Shelley, occurred when the delivery truck and trailer operated by Defendant Anthony White pulled away from the loading dock as Shelley was attempting to move boxes from the trailer to

the dock. The question before the court is the standard for the jury to apply in evaluating the reasonableness of White's conduct.

In *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1053 (Ala. 2003), the Alabama Supreme Court addressed the very question presented in this case: "whether the duty owed to [Shelley] by [White] should be extracted from general principles of negligence or from premises liability." To answer that question, the court must determine whether the "injury was caused by some affirmative conduct" of the premises owner or by a "condition of the premises." *Id.* In *Lilya*, the court synthesized earlier Alabama precedent, and explained that historically landowners' duties of care with respect to their premises were separated from traditional negligence standards by special classes, "each to whom a separate duty was owed, based upon their relationship to the landowner." *Id.* These classifications are considered a "privilege" of the landowner when the injury arises from the land itself, but do not apply when "it is the affirmative conduct of the landowner, rather than the condition of his premises, that causes the injury." *Id.* When the affirmative conduct of the landowner causes the injury, traditional negligence principles apply. *Id.*

There is no question that the injury in this case was caused by the operator's movement of the truck and trailer, not by a condition of the truck or trailer itself. Therefore, applying the analysis set out by the Alabama Supreme Court, the duty to Shelley comes from traditional principles of negligence, and not premises liability, so his status at the time of the incident is not determinative.

The court recognizes that there is broad language in old cases cited by the Defendants which might be read as setting out a separate duty in the context of trespassers in motor vehicles.

*See McGhee v. Birmingham News Co.*, 90 So. 492 (Ala. 1921)*; Birmingham Ice & Cold Storage Co.*, 25 So. 2d 37 (Ala. 1946).  It appears to the court, however, that the duty outlined in these older cases is intended to arise under certain facts; namely, driver's conduct while admitted trespassers are exiting their motor vehicles.  In *Birmingham Ice & Cold Storage Co.*, a rule of law as stated by the court was that "[t]he only duty owed by the owner or proprietor of a truck to a trespasser thereon in ejecting him from the truck is not to injure him wantonly or intentionally." *Id.* at 40; *see also McGhee,* 90 So. at 493 (injury occurred while trespasser attempted to leave the truck).  In this case, the injury occurred when the operator of the vehicle pulled away from the loading dock while the Plaintiff was attempting to move boxes.  Irrespective of whether the driver or the Plaintiff were acting reasonably at the time, there is no dispute that at some point the Plaintiff would have been authorized to enter the trailer and unload the truck, the Plaintiff was not an admitted trespasser, and was not attempting to exit the truck after having been discovered as a trespasser.  Therefore, this case is factually distinct from the cases relied on by the Defendants.  Accordingly, the court concludes that the analysis more recently outlined by the Alabama Supreme Court in *Lilya* is the analysis to be applied in this case.

Therefore, it is hereby ORDERED that Defendants' requested jury charges 1, 2, 3, and 4 are rejected, and the case will proceed on the negligence claim on a traditional negligence theory, and not a premises liability theory.[1]

---

[1] The court also notes that the Plaintiff states in the trial brief that it will move to dismiss all claims other than the negligence claim.

3

Done this 5th day of May, 2010.

                                        /s/ W. Harold Albritton
                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE