IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-00662-WHA-SRW |
| | ) | |
| ANTHONY J. WHITE and BH TRANSFER CO., INC., | ) | (WO) |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on Plaintiff Christopher Shelley's ("Shelley") Motion in Limine #2 (Doc. #53), and Defendants Anthony J. White ("White) and BH Tranfer Co., Inc's ("BH Transfer") response thereto (Doc. #73).

**A. Opinion testimony of Kevin Ethridge**

Plaintiff seeks to exclude the opinion testimony of witness Kevin Ethridge, who is a warehouse supervisor at WestPoint Home, Plaintiff's employer. Ethridge investigated the accident that is the basis of this lawsuit as part of his duties as supervisor on duty at the time Shelley's accident occurred, although Ethridge did not see the accident happen. Immediately after Shelley was transported from Westpoint Home via ambulance, Ethridge began questioning employees regarding the incident, and prepared a report that included his findings. In the report, Ethridge opines, "Chris [Shelley] violated safety procedures for unloading trucks. Gang should have been placed in the truck to activate safety light system. This would have prevented driver from moving trailer and Chris from entering trailer." (Doc. #53-1 at 1.)

Plaintiff claims that this statement is inadmissible lay opinion that fails to comply with the requirements of Fed. R. Evid. 701 because (1) Ethridge's opinions are not based upon his

own perceptions, but are based on information gathered from others; and (2) Ethridge's opinions concerning the light system and whether deployment of the gang would have prevented the driver from moving the truck is not something that a lay witness would readily understand, but is based on specialized knowledge of the loading dock, safety procedures, the truck at issue, and the lighting system.  Because his opinions are based on specialized knowledge, Plaintiff claims that the requirements of Rule 702 apply, and as a Rule 702 expert, a written report was required to be submitted by the Defendants pursuant to Fed. R. Civ. P. 26(a)(2), and Defendants submitted no such report.

In response, Defendants argue that Ethridge's opinion regarding the Plaintiff's violation of Westpoint's safety procedures as being the cause of his fall is admissible lay opinion under Fed. R. Evid. 701.  The Defendants contend that Rule 702 does not apply because the opinion is admissible under Rule 701.

Federal Rule of Evidence 701 limits the admissibility of lay opinion to those opinions or inferences which are (1) rationally based on the perception of the witness, (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The court concludes that Ethridge's opinion regarding the Plaintiff's violation of Westpoint's safety procedures as being the cause of the Plaintiff's fall is not admissible.  The opinion is not based upon Ethridge's own perceptions, but is based on information gathered from others.  Both parties agree that Ethridge never perceived the accident in question, but rather has based his opinion on the statements made by Plaintiff, Steven Graham, Wallace Culver, and Anthony White.  Defendant's contention that lay opinions can be based on admissible hearsay is

unavailing. Even if lay opinion can be based on admissible hearsay, the statements upon which Ethridge based his opinion, other than Shelley's, are not admissible hearsay statements; the statements issued by Graham, Culver, and White are all inadmissible hearsay. Defendant states, without explanation, that these statements "fall outside the definition of hearsay as they are not being offered for the truth of the matter through Etheridge, but are to be offered merely as a means of explaining his conclusion." (Doc. 73 at ¶ 26.) The court cannot agree. Ethridge's opinion that safety violations caused the accident at issue relies heavily on the truth of the statements made by the other witnesses. The court also rejects Defendants' contention that Graham, Culver, and White's statements are admissible as excited utterances under Fed. R. Evid. 803(2). Defendants have submitted no evidence that these statements, given during an investigation, were made while under the stress of the accident.

Ethridge may, however, testify to the subjects on which he has personal knowledge. Assuming Defendants lay a proper foundation, Ethridge may be able to testify to the safety policies and procedures of Westpoint Homes. To this extent, the court agrees with Defendants that Rule 702 does not apply to opinion which Ethridge might express regarding the safety procedures at Westpoint Homes, and whether certain actions did or did not violate those procedures, because they are based upon his knowledge gained from his experience as an employee and shift supervisor, and not based on scientific, technical, or specialized knowledge covered by Fed. R. Evid. 702. *See Tampa Bay Shipbuilding & Repair Co. v. Cedar*, 320 F.3d 1213, 1223 (11th Cir. 2003) (affirming admission of testimony of various officers and employees of a business as proper lay opinion testimony because such testimony was "based upon their particularized knowledge garnered from years of experience within the field"). He might also be

allowed to testify, from his experience and knowledge, how safety equipment at the loading dock worked and what would happen with the equipment under various circumstances.

In sum, Ethridge can testify to the subjects on which he has personal knowledge, which may include the safety procedures in place at Westpoint Homes at the time of the incident, what constitutes a violation of those procedures, and how various equipment there works.  Ethridge may not testify that Shelley violated safety procedures if he did not see the accident, and may not testify that Shelley's injuries were caused by his failure to follow Westpoint Home's safety procedures, because such testimony would be, in essence, an answer to a hypothetical question and is beyond the scope of admissible lay opinion.  *See Am. Gen. Life Ins. Co. v. Schoenthal*, 248 F.R.D. 298, 305 (N.D. Ga. 2008) (*citing United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("[T]he ability to answer hypothetical questions is the essential difference between expert and lay witnesses.").  He may, of course, testify as to any statements made to him by Shelley himself in the context of compliance with the company's safety procedures.  Defense counsel will be free to argue to the jury how the testimony at trial establishes that the Plaintiff's injuries were caused by his failure to follow his own employer's established safety procedures.

**B.  WestPoint Home Accident Report**

Plaintiff argues that the accident report that Ethridge wrote should be excluded as inadmissible hearsay pursuant to Fed. R. Evid. 802, as the accident report is not a business record under Fed. R. Evid. 803(6).  (Doc. #53-1.)  Plaintiff also argues that, even if the report is a business record, the information in the report is still inadmissible hearsay and must be excluded pursuant to Fed. R. Evid. 805.  In response, Defendants argue that the accident report is excepted from the hearsay rule as a business record pursuant to Fed. R. Evid. 803(6).  Defendants contend

that the accident report was not created for use in specific litigation, but instead was created in compliance with the regulations of the Occupational Safety and Health Administration (OSHA), which require employers to report injuries of their employees.

The court need not decide whether the accident report itself qualifies as a business record under Fed. R. Evid. 803(6). The court does conclude that the information in the report is inadmissible hearsay and must be excluded. The report contains the statements of Ethridge, Graham, Culver, and White, and these statements are all inadmissible hearsay. As stated above, the court rejects Defendants' argument that these statements are admissible because they are not submitted for their truth, and because they are excited utterances. In essence, the accident report is inadmissible because it does not contain factual findings that are based upon the knowledge or observations of Ethridge as the preparer of the report, but rather is a collection of statements from witnesses. *Cf. United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (stating that, for the exception to the rule against hearsay for regularly conducted business activity to apply, "the report must contain factual findings that are based upon the knowledge or observations of the preparer of the report, as opposed to a mere collection of statements from a witness").

Accordingly, it is hereby ORDERED as follows:

(1) The Plaintiff's Motion in Limine #2 (Doc. #53) seeking to exclude the opinion testimony of Kevin Ethridge is GRANTED and DENIED to the extent set out in this Order.

(2) The Plaintiff's Motion in Limine #2 (Doc. #53) seeking to exclude the Westpoint

Home Accident Report is GRANTED, and the Objection (Doc. #57) to Defendants' Exhibit #35 is GRANTED.

Done this 10th day of May, 2010.

                                        /s/ W. Harold Albritton
                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE