IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-00662-WHA-SRW |
| | ) | |
| ANTHONY J. WHITE and BH TRANSFER CO., INC., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on Plaintiff Christopher Shelley's ("Shelley") Motion in Limine #4 (Doc. #55), and Defendants Anthony J. White ("White) and BH Transfer Co., Inc's ("BH Transfer") response thereto (Doc. #79).

Plaintiff seeks to exclude all evidence of reimbursement of his medical and hospital expenses on the grounds that the admission of such evidence is barred under Fed. R. Evid. 401 and 403, as being irrelevant and highly prejudicial. In response, Defendants argue that Ala. Code § 12-21-45 provides authority for admitting evidence that the Plaintiff's medical expenses have been paid by the employer's workers' compensation insurance carrier and possibly other insurers.

Section 12-21-45 provides, in pertinent part, as follows:

> (a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.

> . . . .
> (c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible.
> . . .

Plaintiff argues that the issue remains open as to whether a federal court in a diversity case should apply Ala. Code § 12-21-45. Plaintiff argues that § 12-21-45 does not apply to this diversity case because the statute is "procedural," and only state law of a substantive, as opposed to procedural, nature is applicable in diversity cases. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Alabama's collateral source rule has endured several twists and turns. In 1987, the Alabama Legislature enacted Ala. Code § 12-21-45, which made admissible in a civil suit evidence that a plaintiff's medical or hospital expenses are or will be paid or reimbursed. In 1996, the Alabama Supreme Court ruled the statute unconstitutional on the ground that it violated due process and equal protection guarantees of the Alabama Constitution. *See Am. Legion v. Leahey*, 681 So. 2d 1337 (Ala. 1996). In 2000, the Alabama Supreme Court reversed itself and overruled *Leahey* to the extent it held § 12-21-45 unconstitutional. *See Marsh v. Green*, 782 So. 2d 223 (Ala. 2000). Thus, there is no doubt that the statute is currently constitutional. *See Melvin v. Loats*, 23 So. 3d 666, 670-71 (Ala. Civ. App. 2009).

While the constitutionality of the statute has been resolved, federal courts must still address whether the statute is applicable in a diversity case, which turns on the question of whether the rule is deemed to be substantive or procedural in nature. The Eleventh Circuit last addressed whether § 12-21-45 is applicable in diversity cases in *Bradford v. Bruno's, Inc.*, 41 F.3d 625 (11th Cir. 1995) ("*Bradford I*"). In that case, the Eleventh Circuit concluded that the

statute was substantive law, and therefore was applicable to federal diversity cases. *Id.* at 626-27. Shortly after the *Bradford I* opinion was released, the Alabama Supreme Court struck down the statute as being unconstitutional, as noted above. *Am. Legion v. Leahey*, 681 So. 2d 1337 (Ala. 1996). In response to that opinion, the Eleventh Circuit withdrew the *Bradford I* opinion and issued a second opinion ("*Bradford II*" ) to conform to the *Leahey* ruling. *See Bradford v. Bruno's, Inc.*, 94 F.3d 621 (11th Cir. 1996) ("*Bradford II*"). As earlier stated, the Alabama Supreme Court has since reversed and overruled *Leahey*, finding that § 12-21-45 is constitutional. Accordingly, the court must decide whether § 12-21-45, which is now constitutionally valid, applies in federal diversity cases in light of the Eleventh Circuit's decisions in *Bradford I* and *Bradford II.*

The court finds that § 12-21-45 is "substantive" law and applies in this diversity case. The Eleventh Circuit so held in *Bradford I.* Although this opinion was later withdrawn in response to the Alabama Supreme Court's holding in *Leahey* that the statute was unconstitutional, there is no indication in *Bradford II* that the Eleventh Circuit changed or reconsidered its finding that the collateral source rule is substantive rather than procedural. Moreover, the decision that provided the foundation for the *Bradford I* holding remains good law. *See Southern v. Plumb Tools,* 696 F.2d 1321, 1323 (11th Cir. 1983) (holding that Alabama's common law collateral source rule was substantive law to be applied by federal courts in diversity cases). And the Eleventh Circuit has cited the holding of *Bradford I* with approval in decisions issued after *Bradford I* was withdrawn. *See McDowell v. Brown*, 392 F.3d 1283, 1295 (11th Cir. 2004) (noting that *Bradford I* held that Alabama's collateral source rule is

substantive in nature). Thus, § 12-21-45 applies in this diversity case.[1]

In light of the foregoing, the court finds that the amount paid by the workers compensation insurance carrier or any other insurance carrier toward Plaintiff's medical bills is admissible. Upon the admission of such evidence, Plaintiff may also submit evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses, and he may submit evidence relating to his obligation to reimburse any expenses. *See* Ala. Code § 12-21-45(a) and (c).

Consistent with this collateral source rule application is the Alabama rule that medical expense damages "are to be allowed only for doctor's and medical bills which the plaintiff has paid or has become obligated to pay." *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Smelley,* 329 So.2d 544, 546; *Portis v. Wal-Mart Stores*, 2008 W.L. 2959899 (S.D. Ala.). On proper proof, Plaintiff's measure of damages for medical expenses will be based on what Plaintiff is obligated to reimburse, any additional expense he is legally obligated to pay, and any cost to him for applicable coverage.

Accordingly, it is hereby ORDERED that Plaintiff's Motion in Limine #4 (Doc. #55) is DENIED.

---

[1] The court recognizes that two federal district courts in Alabama have reached a contrary conclusion. *See Killian v. Melser*, 792 F. Supp. 1217, 1218 (N.D. Ala. 1992) and *Craig v. F.W. Woolworth*, 886 F. Supp. 1369, 1372 (N.D. Ala. 1993). The court is not persuaded by the reasoning in those cases, which were both decided without the benefit of analysis in *Bradford I*. The court's conclusion that § 12-21-45 is substantive law and applies in diversity cases is supported by the decision in *Tirey v. Boyte*, No. 04-0441-D, 2005 WL 2233068 (S.D. Ala. Sep. 9, 2005). *See id.* at *4 ("While it is true that the Eleventh Circuit has not revisited the issue since withdrawing the *Bradford I* opinion, and the case has no precedential value, it is persuasive and certainly the best indication of how the Eleventh Circuit would rule on this issue.").

DONE this 10th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE