IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-662-WHA |
| | ) | |
| ANTHONY J. WHITE and BH | ) | (WO) |
| TRANSFER CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Defendants' Second Motion in Limine (Doc. #61) and Objections to Witnesses and Exhibits Designated by Plaintiff (Doc. #62).

In their Second Motion in Limine, the Defendants seek to exclude testimony or evidence regarding Anthony White's driving history, including motor vehicle accidents; testimony from Plaintiff's witness Bryant Beasley about the unloading of trailers; evidence regarding whether BH Transfer would have considered the incident in question a preventable or non-preventable accident; testimony from Tommy Cauthen regarding foreseeability and reasonableness of the actions taken during the incident in question; and evidence of the cost of future medical expenses.

With respect to three of these categories of evidence, the Plaintiff has stated that he does not intend to offer the challenged evidence. The Plaintiff states in his response that he does not intend to elicit direct testimony regarding White's driving record, only background information to establish his relationship as a driver for BH Transfer and about the trip on the date in question. The Plaintiff also states that he does not intend to present direct testimony of whether BH

Transfer would have considered the incident preventable or non-preventable, unless the

Defendants open the door to such evidence; or to present evidence of the cost of future medical

expenses.   Therefore, the Motion in Limine is due to be DENIED as moot as to those three

categories of evidence.

With respect to the testimony of Bryant Beasley ("Beasley"), the Defendants argue that

the Plaintiff ought not be able to call Beasley to testify (1) that if a trailer has boxes at the back

of gang, the gang cannot be deployed without crushing the boxes; (2) the plaintiff would have

had to clear any boxes before deploying the gang, which would initiate Westpoint's safety light

system; and (3) the Plaintiff would have been unable to lift boxes at the rear of the trailer without

getting into the trailer.   The Defendants argue that this testimony is improper lay opinion

testimony under Rule 701 because Beasley did not witness the incident.

The Plaintiff responds that Beasley is not going to offer any opinion, but will testify that

if boxes are loaded at the back of a trailer, the gang cannot be deployed without crushing the

boxes, and that the general practice at Westpoint is for the person unloading the trailer to lift

boxes which are on a trailer by standing partially inside the trailer.

Assuming the Plaintiff lays the proper foundation, Beasley may testify to the procedures

of Westpoint Homes and how the gang and safety light system work, as long as  this testimony is

based upon his personal knowledge gained from his experience as an employee.   This is similar

to the scope of the testimony which Ethridge will be allowed to testify to regarding general

safety procedures, addressed in the context of the court's Order ruling on Plaintiff's Motion in

Limine #2 (Doc. #83), in that it is based on personal knowledge of company practices.

The Defendants also seek to exclude testimony from Tommy Cauthen ("Cauthen") about

foreseeability and reasonableness of the actions of various individuals during the incident in question, on the basis that the evidence is improper lay opinion testimony, is inadmissible speculation, and would invade the province of the court.

The Defendants specifically object to testimony by Cauthen as reflected on pages 84 and 85 of his deposition, which includes testimony as to whether it would be foreseeable that dock workers would begin unloading the truck as soon as they were able to do so.

The Plaintiff has pointed out that Cauthen was deposed as the 30(b)(6) representative of BH Transfer.  He is the company safety director and in charge of safety compliance.  The Plaintiffs do not directly respond to the Motion in Limine as to the portion of Cauthen's testimony about the foreseeability of the actions of dock workers.  The court agrees that Cauthen's testimony as to foreseeability of actions of the dock workers is not within the personal knowledge of Cauthen and is due to be excluded.

The court notes that although the testimony is not explicitly identified as testimony sought to be excluded in the Defendants' Motion in Limine, the Plaintiff has addressed another aspect of Cauthen's testimony, specifically, the standards of safe conduct for BH Transfer drivers.  The Plaintiff has pointed to testimony by Cauthen in his deposition that if he were driving, he would shout to let dock workers know he was going to move the truck; and that if a BH Transfer driver believed there were people unloading the truck, it would be his responsibility to make sure there was no one in the trailer.  The Plaintiff characterizes Cauthen's testimony as an admission.

This testimony by Cauthen is based on his personal knowledge of BH Transfer safety procedures and, is, therefore, unlike the testimony of Ethridge which the court has excluded in

the Order discussing the Plaintiff's Motion in Limine #2 (Doc. #83).   Cauthen was not asked to

comment on the reasonableness of White's actions in this case, but merely to describe what

reasonable safety precautions are.   Such evidence is within Cauthen's personal knowledge,

based on his position as safety director with BH Transfer, is not speculative, and does not invade

the province of the court.   The Defendants will be able to fully explore the context of Cauthen's

testimony at trial.  *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal

Practice  and Procedure  § 2103  (Supp. 2007) ("[T]he testimony of a Rule 30(b)(6)

representative, although admissible against the party that designates the representative, is not a

judicial admission absolutely binding on that party.").   To the extent that the Defendants have

moved to exclude this aspect of Cauthen's testimony, the motion is due to be DENIED.

 Accordingly, it is hereby ORDERED

 1.  The Defendants' Second Motion in Limine (Doc. #61) is GRANTED in part and

DENIED in part as follows:

 a.  The Motion in Limine is DENIED as moot as to direct testimony regarding White's

driving record, other than to establish background information; direct testimony of whether BH

Transfer would have considered the incident preventable or non-preventable; and direct evidence

of the cost of future medical expenses.

 b.  The Motion in Limine is GRANTED as to Cauthen's testimony about the

foreseeability of dock workers' actions in the presence of a trailer to be unloaded.

 c.  The Motion in Limine is DENIED as to Cauthen's testimony as to reasonable safety

precaustions of a driver of BH Transfer, and Beasley's testimony as to general practices in

unloading trailers at Westpoint Homes, and the workings of the gang and safety light system.

2.  Defendants' Objections to Witnesses and Exhibits Designated by Plaintiff (Doc. #62) are OVERRULED as to witness Bryant Beasley and OVERRULED in part and SUSTAINED in part as to witness Tommy Cauthen, consistent with this Order.

Done this 10th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE