IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-662-WHA |
| | ) | |
| ANTHONY J. WHITE and BH | ) | (WO) |
| TRANSFER CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Plaintiff's Objections to Exhibits Designated as Evidence by the Defense (Doc. #57), the Defendants' Objections to Witnesses and Exhibits Designated by Plaintiff (Doc. #62), Unopposed Evidentiary Stipulations (Doc. #88), and the Defendants' Response to Plaintiff's Objections to Defendants' Exhibits (Doc. #90).

It is hereby ORDERED that the Plaintiffs' Objections (Doc. #57) are OVERRULED based on stipulation of the parties, as set forth below, and the Defendants' Objections (Doc. #62) are OVERRULED in part and SUSTAINED in part as follows:

1. Exhibits offered by the Defendants

Exhibit 1–the Plaintiff objects to the amended complaint in this case being admitted as an exhibit because it contains the nonjury Workers' Compensation claims against WestPoint Home, Inc. The Plaintiffs seek to exclude it as irrelevant and unduly prejudicial under Rules 402 and 403. As discussed in this court's Order ruling on Motion in Limine (Doc. #86), the collateral source rule in Alabama is substantive law, so that this evidence is not due to be excluded on that ground. The mere fact that a claim for Worker's Compensation benefits has been made,

however, is not evidence of payment. Therefore, the Plaintiff's objection to admission of the Amended Complaint as evidence is SUSTAINED, subject to reconsideration based upon the state of the evidence of trial, if the Defendants take up this exhibit outside of the presence of the jury.

Exhibits 2, 2A-B--the Plaintiffs object to these exhibits as containing legal arguments rather than evidence. The Defendants withdraw these exhibits, so the objection is OVERRULED as moot.

Exhibits 3, 4, 5, 6, 7, 8, 9, 10 consist of discovery responses produced by the Plaintiff. The Plaintiff concedes that they may be appropriately used for impeachment, but states that they are not admissible in their own right. The Defendants have withdrawn these exhibits, but reserve the right to use them to impeach testimony of the Plaintiff. The objections are OVERRULED as moot.

Exhibit 11 is Westpoint Home's Responses to Plaintiff's interrogatories. The Plaintiff contends that the exhibit lacks foundation, authentication, or relevance. The Defendants also agree to withdraw this exhibit, but reserve the right to use it for impeachment. The objection is OVERRULED as moot.

The Plaintiff objects to Defendant's Exhibit 12-17, which are the depositions of Christopher Shelley, Anthony White, Tommy Cauthen, Kevin Ethridge, Wallace Culver, and Bryant Beasley, respectively. The Plaintiff also objects to the inclusion of the exhibits to these depositions because they were not specifically listed on the Defendant's exhibit disclosures. The Defendants respond that they wish to use the depositions to impeach the Plaintiff's testimony. They contend that objections to exhibits identified in the depositions are unfounded because the

Plaintiff had the opportunity to object to any exhibit identified in the exhibit disclosures.

The Scheduling Order entered in this case requires that deposition designations be filed, and that the parties are precluded from using any part of a deposition not listed, with the exception of parts of depositions used for impeachment. *See* Doc. #7, § 10. Therefore, the objections to depositions are SUSTAINED as to entire depositions being admitted as direct evidence, although the depositions may be used for impeachment, or to refresh a witness' recollection.

Similarly, exhibits must be specifically identified and numbered prior to trial, and a party is precluded from offering evidence not so-identified and furnished. *Id.* at §11. Therefore, no exhibit attached to a deposition is separately admissible as an exhibit to the deposition. Only exhibits independently marked and furnished to the opposing party are admissible. Even those exhibits attached to depositions which are independently marked and listed by number as trial exhibits, however, are subject to the Plaintiff's objection on other grounds. For example, the only exhibit attached to Shelley's deposition which has been provided to the court is the Report of Associate Injury. The Report of Associate Injury has been excluded, as discussed in the court's Order on the Plaintiff's Motion in Limine #2 (Doc. #83). The objections to the exhibits to depositions, as such, are SUSTAINED.

The Plaintiff also objects to Defendants' Exhibits 18-22, which are the depositions of and Drs. Stephen Chastain, Sher Ghori, Tim Haley, Labanowski, and Randall McDaniel, respectively. With respect to the doctors, the Defendants have complied with the rule and designated specific portions of the depositions to be admitted into evidence at trial. The Plaintiff's objection is to the marking of the entire deposition and placing the entire deposition

into evidence.  The Defendants' response to the objections is that the depositions have been marked to impeach or rebut, and that the exhibits to the depositions could have been objected to as they were provided in the Defendants' exhibit disclosures.

The full depositions are not admissible as evidence and the objections to their being marked and placed in evidence are SUSTAINED.  They may, of course, be used for other purposes, such as impeachment.  The designated portions of the depositions of Drs. Chastain, Ghori, Haley, and Labanowski may be read to the jury to the extent authorized by previous Orders of the court.

To the extent that any of the exhibits attached to these depositions are not disclosed on the Defendants' exhibit list for trial, the objections are SUSTAINED, and the exhibits not independently marked and listed are not admissible.   To the extent that previously-designated deposition excerpts refer to exhibits by a deposition exhibit number, the court will admit only the independently-designated exhibits into evidence.

Exhibits 26, 27, and 34 are photographs which the Plaintiff says lack relevance, foundation, and authentication.  The Defendants have stated that they will call Wallace Culver and Kevin Ethridge at trial and that these witnesses will be able to lay a proper foundation and establish relevance.  The court has reviewed the photographs.  The Defendants do not contend that these photographs are of the door in question, but that the photographs are similar to the area involved in the accident.  Therefore, the objections are due to be SUSTAINED at this time, subject to the Defendants laying the proper foundation for admission at trial before publishing these photographs to the jury.

The Plaintiff originally objected to Defendants' Exhibit 30, 31, 32, and 33 , but has

4

withdrawn these objections.  *See* Doc. #88.

Exhibit 35 is the Westpoint Home Report of Associate Injury and has been excluded as discussed in the court's Order on the Plaintiff's Motion in Limine #2 (Doc. #83).  The objection is SUSTAINED.

Exhibits 36 and 37 are statements by Wallace Culver and Stevie Graham attached to the Westpoint Home Report.   The Defendants state that they only intend to use the statements to impeach.   The objections are SUSTAINED as to the use of these documents as direct evidence. *See id.*

Exhibit 39 is Westpoint Home's personnel record of the Plaintiff.  The Plaintiff says the exhibit lacks relevance, foundation, and authentication.  The Defendant states that it has identified a custodian of records to admit this evidence.  The relevance of the evidence will be discussed in connection with the court's Order to be issued at a later date on the Plaintiff's Motion in Limine  #3 (Doc. #54).  Ruling is reserved.

Exhibit 40 is Anthony White's motor vehicle record.  The Defendants withdraw the exhibit.  The objection is OVERRULED as moot.

The Plaintiff objects to Defendants' Exhibit 41 on the grounds of lack of relevance, foundation, and authentication.  The Defendants respond that they withdraw Exhibit 41-A, but state that other documents within Exhibit 41 are relevant to the August 23, 2007 delivery to Westpoint Homes.  The Defendants state that the custodian of records, Tommy Cauthen, will establish authenticity and the foundation for admissibility.   The court has reviewed the exhibits, but the relevance of the documents is not apparent.  The objection is SUSTAINED, subject to reconsideration based on the state of evidence at trial, if the Defendants lay a foundation for

admissibility, outside of the presence of the jury.

Exhibit 42, 42A-E--these records are Social Security Administration records. The Plaintiff objects, stating that they lack of relevance, foundation, and authentication. The Defendants state that they have identified a custodian of the records for trial and that they will be used to rebut testimony offered by the Plaintiff as to his physical limitations, which are contrary to those outlined in his application for disability insurance, and that they can impeach credibility based on Plaintiff's testimony in his deposition that he had not heard from Social Security Disability.

It may be that the offered evidence will become relevant based on the state of the evidence at trial. At this point, the objections are SUSTAINED, subject to the Defendants laying the proper foundation for the exhibits, and establishing their relevance based on the state of the evidence.

Exhibit 43, 43A&B, 43D-G--Plaintiff says lack of relevance, foundation, and authentication. The Defendants state that they have identified a custodian of these records as a witness for trial, that the records contain prior limitations of the Plaintiff, that the records can be used to cross-examine vocational expert Randall McDaniel, and that the medical questionnaire is relevant because it includes an injury to the Plaintiff's ankle prior to the accident. The objection is SUSTAINED, subject to the Defendant laying the proper foundation at trial.

Exhibit 44 consists of Blue Cross and Blue Shield records. The Defendants withdraw this exhibit, but reserve the right to use this exhibit for rebuttal or impeachment. The objection is OVERRULED as moot.

Exhibit 45 is identified as "Specialty Risk Services." It is withdrawn by the Defendants,

although they reserve the right to use this exhibit for rebuttal or impeachment. The objection is OVERRULED as moot.

Exhibits 46, 46A-C are objected to by the Plaintiff on the grounds of lack of relevance, foundation, and authentication. The Defendants state that these exhibits are medical records from First Med of Dothan and relate to the Plaintiff's injury claims because they show prior injuries to the left ankle. The Defendants also state that they have identified a custodian of the records as a witness for trial. The objection is SUSTAINED, subject to the proper foundation being established at trial.

Exhibit 47–This exhibit consists of medical records from Southern Bone and Joint. The Plaintiff contends that some of the records within the exhibit are irrelevant and are covered by the Plaintiff's motion in limine, specifically the existence of health insurance and workers' compensation benefits. The court has ruled on the referenced motion in limine and has ruled that evidence of collateral source of payments is admissible. The Defendants, however, agree to withdraw the medical bills portion of these exhibits. The objection is OVERRULED.

Exhibit 48 consists of Medical Records from Flowers Hospital. The Plaintiff objects that the billing and charges for services have been removed from the documents. The Plaintiff also objects that the evidence is irrelevant to the extent that it predates the date of the injury made the basis of the Plaintiff's complaint. The Defendants respond that the Plaintiff's prior medical history is relevant to rebut claims of limitations he claims as part of his diminished earning capacity. The objection is OVERRULED.

Exhibit 49, 49A-B, 52, 52A-r--The parties stipulate to the authenticity and foundation of Defendants' 49 and 51, but Plaintiff objects to relevance as to all of these exhibits, arguing that

evidence of the Plaintiff's seizures is irrelevant and is unduly prejudicial and will cause speculation as to the relevance of his seizures. These objections are OVERRULED.

Exhibit 50, 50A-E--which are records of visits to Dr. Chastain. The Plaintiff objects that billing and charges for services have been removed and that records that predate the injury in question are not relevant. The Defendants state that they are not required to present evidence of Plaintiff's medical bills. They also state that they incorporate their response to the Plaintiff's objections to Deposition Designations of Dr. Chastain. Consistent with the court's ruling on objections to Dr. Chastain's deposition designations, these objections are OVERRULED, subject to the relevant deposition excerpts first being read or presented.

Exhibits 51, 51A are records of Dr. Labanowski. The Plaintiff argues that evidence of his seizures and sleep apnea is irrelevant and prejudicial and will cause speculation as to the relevance of his seizures and sleep apnea. The Defendants incorporate their responses to the objections to deposition excerpts of Dr. Labanowski. Consistent with the court's ruling on objections to Dr. Labanowski's deposition designations, these objections are OVERRULED, subject to the admission of Dr. Labanowski's deposition.

Exhibits 52, 52A-R--the Plaintiff objects to these records from UAB Medical Center as lacking foundation, authentication, and relevance. The Defendants respond that they obtained the records pursuant to Local Rule 45.2 and that treatment for seizures is relevant. Consistent with previous rulings on relevance of treatment for seizures, the objection is OVERRULED, subject to proof of compliance with Local Rule 45.2.

Exhibit 54–the Plaintiff objects that this evidence will cause speculation as to relevance and lacks foundation and authentication. The Defendants have not responded to this objection,

so it is SUSTAINED.

    2. Exhibits offered by the Plaintiff

Some of the Defendants' objections to Exhibits offered by the Plaintiff have been addressed in the court's Orders ruling on Defendants' First and Second Motions in Limine.  The remaining objections have been addressed by stipulation of the parties.  Specifically, the parties have agreed as follows:

The Defendants objected to Plaintiff's Exhibits 1-43, which consist of photographs.  The parties now stipulate to the admissibility of Plaintiffs 1-10.   Therefore, the objection is Exhibits 1-10 is OVERRULED.  The parties have agreed to limiting language as follows:

"You are not to consider Plaintiff's Exhibit 1-10 as depicting the position of Anthony White's trailer at the time of the accident made the basis of the Plaintiff's complaint."

With respect to Plaintiff's Exhibits 11-43, the parties have stipulated to the authenticity and foundation, but the Plaintiff has represented to the court that he will not offer these exhibits.  Should the Plaintiff offer the exhibits, the Defendants reserve objections to relevance.  Therefore, the objection is OVERRULED as moot, subject to the Plaintiff seeking to admit these exhibits.

The Defendants objected to Plaintiff's Exhibit 56 on the ground that the exhibit lacks proper foundation and authentication.  The parties have now stipulated to authenticity, foundation, and relevance.  The objection is, therefore, OVERRULED as moot.

The Defendants also object to Plaintiff's Exhibit 54, the report of Randall McDaniel.  This report is the subject of Defendant's First Motion in Limine, so the court will defer ruling on the objection until ruling on the Motion in Limine.

The Defendants objected to Plaintiff's Exhibits 57 and 58 on the grounds that they are inadmissible hearsay within hearsay.  The Plaintiff withdraws these exhibits, but reserves the right to refresh the recollection of Plaintiff or other permissible uses, subject to objections by the Defendants.  Therefore, the objection is OVERRULED as moot.

As to objections to Plaintiff's Exhibits 60-62, the Plaintiff withdraws Plaintiff's Exhibits 60 through 64, but represents that he may use these exhibits for impeachment.  Therefore, the objections are OVERRULED as moot.

Done this 11th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE