IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-00662-WHA-SRW |
| | ) | |
| ANTHONY J. WHITE and BH TRANSFER CO., INC., | ) | (WO) |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on Plaintiff Christopher Shelley's ("Shelley") Motion in Limine #1 (Doc. #52), Defendants Anthony J. White ("White) and BH Transfer Co., Inc's ("BH Transfer") response thereto (Doc. #76), Defendants First Motion in Limine to Preclude the Testimony of Randall McDaniel (Doc. #49), and Plaintiff's response thereto (Doc. #81). In these motions, both parties have moved to exclude the opposing party's vocational expert.

**A. Plaintiff's motion in limine regarding the testimony of Marcia Schulman**

As a threshold matter, the court has already issued an order regarding Schulman's opinion testimony. (Doc. #28.) In that Order, the court ruled that Schulman's opinion testimony will be limited to opinions disclosed to the Plaintiff on or before the February 12, 2010 deadline for doing so set by the Uniform Scheduling Order. The court has no reason to reconsider that conclusion, and thus any issue with Schulman's testimony must concern her opinions disclosed before February 12, 2010.

**1. Fed. R. Civ. P. 26**

Plaintiff argues that Schulman's testimony should be precluded because her report is deficient under Fed. R. Civ. P. 26. The first alleged deficiency that Plaintiff points to is that

Shulman did not prepare her report, as she admitted in her deposition that counsel prepared the report. In response, Defendants contend that Schulman orally provided her opinions to defense counsel, who then reduced those opinions to a written report which Schulman reviewed and signed. Defendants contend that this arrangement complies with Rule 26 because a party's attorney can reduce an expert's oral opinion to writing so long as the report reflects the actual views of the expert.

The court agrees with Defendants that counsel's assistance in preparing the Rule 26 report does not make the report deficient. As Defendants point out, the Advisory Committee Notes to Rule 26 contemplate such assistance by attorneys in the preparation of Rule 26 reports. *See* Fed. R. Civ. P. 26(a)(2)(B), Advisory Committee Note accompanying 1993 Amendment ("Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports. . . ."); *see also United States v. Kalymon*, 541 F.3d 624, 638 (6th Cir. 1998) ("A party's attorney can reduce an expert's oral opinion to writing so long as the report reflects the actual views of the expert."). Thus, the court rejects Plaintiff's argument that Schulman's testimony should be excluded because she did not prepare her Rule 26 report.

Plaintiff next asserts that Schulman's testimony should be excluded on the grounds that the expert report was incomplete, does not express the basis and or reasons for all of her opinions, and does not contain a complete statement of all the data or other information considered by the witness. Schulman's initial report states that she is unable to "quantify the vocational ratings and formulate vocational opinions concerning the injures Shelley sustained in the accident without having interviewed and/or tested Shelley, without having reviewed the deposition testimony of Plaintiff's treating physician, Dr. Tim Haley, and without having

reviewed the deposition of Randall McDaniel, Plaintiff's vocational expert." (Doc. #52-1.) Plaintiff contends that, in light of this admission, Schulman's testimony and report should be completely excluded and not allowed for any purpose at trial.

As noted, the court has previously ruled on objections regarding Schulman's testimony. On March 15, 2010, the court issued an Order limiting Schulman's opinion testimony to those opinions disclosed to the Plaintiff on or before the February 12, 2010 deadline for doing so in the Uniform Scheduling Order. (Doc. #28.) Plaintiff now seeks to not only limit Schulman's testimony but to exclude it entirely. The court finds that the original report sufficiently complies with the requirements for being allowed to express the opinions contained therein. The court reaffirms its previous Order, and thus Schulman's opinions will be limited to those disclosed to Plaintiff before February 12, 2010, which includes all the information contained in Schulman's initial report (Doc. #52-1), and excludes the additional information contained in her supplemental report (Doc. #76-1).

**2. Fed. R. Evid. 702 and *Daubert***

Plaintiff argues Schulman's testimony should be excluded under Fed. R. Evid. 702 and *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993) because Schulman's opinions are not based upon sufficient facts or data.

In Schulman's report (Doc. #52-1), she states that, in addition to her education, training, and experience, her opinion was based upon various documents she reviewed, which included: (1) medical records of Christopher Shelley; (2) Plaintiff's Expert Disclosure; (3) the deposition of Christopher Shelley; (4) the vocational report of Plaintiff's vocational expert; (5) the plaintiff's employment records produced in a format pursuant to subpoena by Westpoint Home;

3

(6) the Westpoint Home First Report of Injury concerning the Plaintiff's accident; (7) Westpoint Home investigative file pertaining to the accident; (8) Plaintiff's responses to Request for Production of Documents; and (9) Plaintiff's answers to interrogatories.  After reviewing these materials, Schulman opines that Plaintiff "has multiple impairments which result in physical limitations and vocational disabilities . . . that are not related to the injuries he sustained in the fall incident of August 23, 2007."  (Doc. #52-1.)

The court concludes that Schulman's opinion is based on sufficient facts or data.  Although Schulman's report states that she was unable to quantify the vocational ratings, her opinion is based on the documents cited above, and complies with the requirements of Rule 702.  The court notes, however, that Schulman's opinion is limited to what she expressed prior to February 12, 2010, and she cannot rely on any materials she reviewed after that date and quantify a vocational rading.

Accordingly, Plaintiff's motion in limine seeking to completely exclude Schulman's testimony is due to be DENIED.

### 3.  Fed. R. Evid. 701

Plaintiff argues that Schulman's testimony should be precluded under Fed. R. Evid. 701 because her testimony is based on her expertise and specialized knowledge as a vocational expert, and thus not admissible as lay opinion.  Because the court has concluded Schulman's testimony is admissible under Rule 702, it is not necessary for the court to address whether her testimony would be admissible under Rule 701.

### B.  Defendants' motion in limine regarding Randall McDaniel

### 1.  Fed. R. Civ. P. 26

### a. Dr. Timothy Haley's Functional Capacity Evaluation

Defendants contend that McDaniel did not offer opinions criticizing the Functional Capacity Evaluation performed by Dr. Timothy Haley in his Rule 26 report, and thus should be precluded from testifying on this subject at trial. In response, Plaintiff states that he does not seek to call McDaniel in order to elicit testimony regarding his criticisms of the Functional Capacity Evaluation. Thus, Defendants' motion in limine in regards to this item is DENIED as moot.

### b. McDaniel's reliance on materials after the Rule 26 disclosure on January 11, 2010

Defendants argue that McDaniel should be precluded from offering any testimony based upon materials not reviewed or relied upon at the time of his Rule 26 disclosure on January 11, 2010. Defendants state that the only materials relied upon by McDaniel prior to January 11, 2010, were the Plaintiff's medical records from Southern Bone and Joint Rehabilitation from October 18, 2007 through June 19, 2008, and the Plaintiff's medical records from Southern Clinic, P.C. from September 3, 2007 through April 2, 2008. Defendants assert that Plaintiff should not be allowed to offer opinions regarding any other documents, depositions, or medical records. These objectionable documents include the depositions of the Plaintiff, Dr Tim Haley, and Anthony White; the medical records from Southern Bone and Joint Rehabilitation after June 19, 2008; and any other materials he did not review at the time his opinions were disclosed on January 11, 2010.

In response, Plaintiff agrees that McDaniel reviewed additional materials after he prepared his report, but claims that McDaniel did not consider these additional materials in forming his opinions. Because McDaniel did not consider these materials in forming his

5

opinions, Plaintiff claims the disclosure of such materials is a nonissue. The court agrees that, because McDaniel will not offer any opinions based on any materials after the January 11, 2010 disclosure, this is a nonissue. Accordingly, Defendants' Motion in limine in regards to this item is due to be DENIED as moot.

The court has already crossed this bridge as to limiting opinions to be allowed from McDaniel just as it has with Schulman. See Doc. #23, entered on March 10, 2010. The court notes that the same rule is being applied to both McDaniel and Schulman: Those opinions that were not disclosed prior to the deadlines for doing so set out in the Uniform Scheduling Order will not be admissible at trial. In addition, both experts cannot rely on materials in forming their opinions if those materials were not disclosed in a timely fashion pursuant to the Uniform Scheduling Order.

**c. McDaniel's opinions not disclosed in his Rule 26 disclosure on January 11, 2010**

Defendants contend that McDaniel did not offer opinions on the following subjects in his Rule 26 report, and thus should be precluded from testifying on these subjects at trial: (1) Plaintiff's loss of earning capacity; (2) what employment, if any, is within Plaintiff's capacity; (3) the difference between the Plaintiff's earning capacity before the accident and subsequent to the accident.

In response, Plaintiff argues that the Rule 26 report was complete. Plaintiff contends that McDaniel's report disclosed that Plaintiff was 100% disabled, as there were no possible jobs within Plaintiff's capacity to perform. Because McDaniel determined that Plaintiff could not perform any other jobs, McDaniel did not need to determine what other jobs would pay, or any earnings differential.

The court concludes that McDaniel may testify to the information included in his report, which includes McDaniel's opinion that Plaintiff is 100% disabled. McDaniel may explain to the jury the meaning behind his 100% vocational disability rating, and the implications of that rating. Accordingly, Defendants' motion in limine on this item is due to be DENIED.

### d. "Sheltered Employment" by WestPoint

Defendants seek to preclude McDaniel from testifying as to whether Westpoint created sheltered employment for the Plaintiff after his injury because McDaniel did not offer an opinion on that subject in his Rule 26 report. In his deposition, McDaniel testified that Shelley's position at WestPoint Homes after his injury was "sheltered employment" and did not make the same demands on Plaintiff as those of a regular job. (Doc. #49-2, 94:19-95:10.) McDaniel offered this opinion, not in response to a question by Plaintiff's counsel, but in response to Defense counsel's inquiry regarding how Plaintiff was able to work after he was injured in the accident at issue. Plaintiff contends that McDaniel's testimony is an explanation and clarification that the Plaintiff is 100% disabled that was brought out by Defendants upon cross examination, and not a separate opinion requiring Rule 26 disclosure. The court will say once again that McDaniel is limited to giving opinions contained in his report. He will not be allowed to address "sheltered employment" by Westpoint unless the issue is raised by the Defendants. If it is, he will be allowed to explain as he did at his deposition.

### 2. Causation

Defendants argue that McDaniel should be precluded from offering any opinion regarding the causation of Plaintiff's injuries and limitations because McDaniel, as a registered

occupational therapist, is not a qualified medical expert. Defendants contend that the following statement, made in McDaniel's November 9, 2009 report, is improper: "Mr. Shelley's work history has focused primarily on Moderate to Heavy labor. Due to the injury he sustained to his right leg and the subsequent aggravation to existing problem in his left hip, he will not be able to return to this type of work." (Doc. #49-1 at 33.) Defendants argue that McDaniel is not qualified to make this opinion under Fed. R. Evid. 702 because it is "an expert medical opinion disguised as a vocational opinion." (Doc. #49 at 6.)

In response, Plaintiff argues that McDaniel's testimony is merely a vocational assessment of whether Plaintiff could perform moderate to heavy labor, and McDaniel is qualified to make this assessment based on the examination and testing he performed. Plaintiff further states that he anticipates Dr. Timothy Haley will testify as to medical causation, and McDaniel will testify to the vocational opinions stated in his report.

The court agrees with Plaintiff that the cited opinion in McDaniel's report is a vocational assessment and not a "hidden medical opinion." Accordingly, Defendants motion in limine is due to be DENIED. Defendants are free to challenge such testimony on cross examination based on McDaniel not being a medical doctor, if they wish.

The court notes that any opinion McDaniel offers must be based on facts that are admitted at trial. McDaniel cannot testify to how certain injuries change Plaintiff's vocational opportunities if there is no evidence that the injuries resulted from Defendants' negligence. Plaintiff, in his response, anticipates that Dr. Timothy Haley will provide the necessary medical testimony regarding causation, and McDaniel will then testify to the vocational opinions stated

8

in his report.  In the event Dr. Haley does not testify as Plaintiff anticipates, the court will reevaluate Defendant's motion to exclude McDaniel's testimony on this subject.

**3.  Reliability under Fed. R. Evid. 702 and *Daubert***

Defendants argue that McDaniel should be precluded from offering any expert testimony as his opinion is not based upon sufficient facts or data and is not the product of reliable principles and methods under Fed. R. Evid. 702.   Defendants particularly object to McDaniel's opinion that Plaintiff has a 100% vocational disability rating, and thus all of the jobs Plaintiff could have otherwise performed before this work injury to his right leg are now precluded.

In McDaniel's report (Doc. #49-1), he states that his opinion was based on the review of various documents, which included:  (1)  Southern Bone and Joint Rehabilitation Records from October 18, 2007 to June 19, 2008; and (2) Southern Clinic P.C. records from Dr. Stephen Chastain, Dr. Ruth Bynum, and R.N. Nancy Turnham dated September 3, 2007 to April 2, 2008.  McDaniel also based his opinion on a three-hour session of interview and testing of Plaintiff.  McDaniel testified that he followed the following methodology in arriving at his opinions regarding vocational disability:  (1) He interviews the person with the disability or injury to determine their background in regards to education, work experience, living situation, etc.; (2) After the interview, he conducts various tests to get a basic idea about their intellect; (3)  He then evaluates the individual's medical history and restrictions; (4) Finally, he compares their current skill level and their ability level with jobs in the labor market.  (Doc. #49-2; 16:6-18:1.)   After applying this method to the materials he reviewed, McDaniel offered the following opinion:

> Given the totality of Mr. Christopher Shelley's medical history along with the functional limitations resulting from his seizures, replaced left hip, and right leg injuries and considering his educational level both from school and testing, and his past relevant work, I find that

9

> all of the jobs he could have otherwise performed before this work
> injury to his right leg are now precluded.  Therefore, it is my opinion
> that he has a 100% vocational disability rating.

(Doc. #49-1 at 33.)

The court concludes that McDaniel's opinion is based on sufficient facts or data and his methodology is sufficiently reliable to meet the standard set out in *Daubert* and Fed. R. Evid. 702.  Defendants' reliance on *Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000) as authority for excluding McDaniel's testimony is misplaced.   As Plaintiff points out, that non-binding case is distinguishable in the following respects:  (1) The expert in *Elcock* had no formal training as a vocational expert, which influenced the court's analysis of the reliability of the witness' methods, *id.* at 744; (2) The expert in *Elcock* provided, without any explanation, a disability rating that was 15% higher at trial than the disability rating provided prior to trial, *id.* at 747; (3) The expert in *Elcock* admitted using novel and untested methods for performing vocational rehabilitation assessments, *id.* at 748; and (4) The Third Circuit did not strike the expert in *Elcock*, as Defendants request, but rather remanded to the district court for a *Daubert* hearing, *id.* at 750.

The court finds McDaniel to have the necessary credentials to testify as a vocational rehabilitation specialist.  Indeed, Defendants' expert, Schulman, in deposition conceded his qualifications in the same area of expertise as herself.  Also, there is no suggestion that McDaniel used any unorthodox or unreliable methods in arriving at his opinions.

Defendants' objections go more towards the weight of McDaniel's testimony, rather than the admissibility of such testimony, and thus Defendants' motion in limine seeking to exclude

McDaniel's testimony on the ground that it fails to comply with Fed. R. Evid. 702 and *Daubert* is due to be DENIED.

Defense counsel, of course, is free to cross-examine McDaniel on whether he reviewed enough of Plaintiff's medical history to form an accurate vocational opinion. In addition, as with Schulman's opinion, McDaniel's opinion is limited to the opinions, and the materials upon which those opinions were based, disclosed prior to the January 11, 2010 deadline for doing so.

### 4. Assistant's opinions

Defendants argue that McDaniel's opinion should be precluded as unreliable because it is unclear which portion of his report constitutes his opinions versus those of his assistant. While drafting his report, McDaniel received assistance from Jennifer Kotis, a part-time employee and Ph.D student. McDaniel testified that Kotis was responsible for creating the first draft of McDaniel's report. Defendants argue that, because they cannot verify whether the opinions disclosed by the Plaintiff are in fact the opinions of McDaniel, these opinions should be excluded as unreliable pursuant to Fed. R. Evid. 702.

The court cannot agree that McDaniel's report should be stricken as unreliable pursuant to Fed. R. Evid. 702. As Plaintiff points out, McDaniel signed his report and takes full responsibility for the opinions stated therein being his own, and there is no evidence that the opinions contained in the report are not those of McDaniel. Accordingly, Defendants motion to exclude McDaniel's testimony on the ground that his assistant prepared portions of the report is due to be DENIED.

Accordingly, it is hereby ORDERED as follows:

(1) Defendants' First Motion in Limine (Doc. #49) is DENIED.

(2) Plaintiff's Motion in Limine #1 (Doc. #52) is DENIED.

Done this 12th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE