IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv-00662-WHA-SRW |
| | ) | |
| ANTHONY J. WHITE and BH TRANSFER CO., INC., | ) | (WO) |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the court on Plaintiff Christopher Shelley's ("Shelley") Motion in Limine #3 (Doc. #54), Defendants Anthony J. White ("White) and BH Transfer Co., Inc's ("BH Transfer") response thereto (Doc. #80), Plaintiff's Objection to Defendants' Exhibit #39 (Doc. #57, #94-6, #94-7), and Defendants' response thereto (Doc. #90).

Plaintiff objects to the admission of his WestPoint Personnel Records on relevance, authentication, and foundation grounds. (Doc. #57 at 13.) The Defendants respond that they have identified a witness who can lay the proper foundation for admission. (Doc. #90 at ¶ 45-46.) The only relevant purpose for the Exhibit identified by the Defendants is evidence of Plaintiff's vocational limitations prior to the accident at issue and evidence of Plaintiff's earning capacity. The court agrees that evidence of restrictions on the Plaintiff's employment are relevant for purposes of showing Plaintiff's vocational limitations and earning capacity. The Objection is SUSTAINED as to the remainder of Exhibit #39 and SUSTAINED as to the vocational restrictions placed on Plaintiff only until a proper foundation is first laid for admission. In the event Plaintiff objects to the content of a specific document in Exhibit #39, which contains evidence of vocational restrictions, the parties are directed to attempt to resolve

the objection among themselves, and if they are unable to do so, to take the issue up with the court outside the presence of the jury before the evidence is offered.

Plaintiff also seeks to exclude all evidence of his prior alleged safety violations and prior alleged accidents as being irrelevant under Fed. R. Evid. 402, unduly prejudicial under Fed. R. Evid. 403, and an improper prior act under Fed. R. Evid. 404(b).  (Doc. #54.)

The safety violations and prior accidents that Plaintiff seeks to exclude are documented in the WestPoint personnel records, and include the following:  (1)  Plaintiff's accident involving a lift in August of 1990; (2)  Plaintiff's accident involving a lift in July of 1993; (3)  Plaintiff's accident involving a lift in October of 2000, and his failure to report that accident; (4)  Plaintiff's accident involving a battery in February of 1993; (5)  Plaintiff's failure to wear safety glasses or gloves while changing a battery in October of 1990; (6)  Plaintiff's unannounced and unexplained late in October of 2004; and (7)  Plaintiff's alleged poor job performance in June of 1992.  (Doc. #54-1.)

Defendants' first theory of admissibility of these prior accidents and safety violations is not entirely clear.  Defendants appear to argue that Plaintiff has experienced seizures in the past, which caused several work-related accidents and safety violations.  These accidents and safety violations, in turn, led his employer to impose various restrictions on Plaintiff's employment duties.  In particular, Plaintiff was restricted from operating powered equipment, working at certain elevations, and being exposed to hazardous machinery.  Defendants reason that these accidents and restrictions are "relevant to rebut Plaintiff's version of the facts leading up to the accident made the basis of this lawsuit."  (Doc. #80 at 2.).  Presumably, Defendants are arguing

that Plaintiff's seizures caused the past accidents, which caused certain job restrictions, which are somehow related to the accident at issue in this case.

The court finds that Plaintiff's prior accidents and safety violations are not admissible to show how the accident at issue occurred. First, the prior accidents and safety violations are not relevant to any material fact in this case under Fed. R. Evid. 401, as the incidents are unrelated in nature to the accident at issue and disconnected in time from the accident at issue. Second, evidence of the prior accidents and safety violations constitute improper character evidence under Fed. R. Evid. 404(a). The Defendants essentially claim that Plaintiff violated safety procedures and caused accidents in the past, so he must have been responsible for the accident in this case. This is impermissible character evidence. *See Am. Airlines, Inc. v. United States*, 418 F.2d 180, 197 (5th Cir. 1969) (stating that "evidence of a similar act of negligence is not admissible to prove negligence in performing the same act later"). Finally, even if evidence of the prior accidents and safety violations could clear the Rule 401 and 404(a) hurdles, the court would exclude the evidence pursuant to Rule 403, as the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, the Plaintiff's motion in limine seeking to exclude evidence of Plaintiff's prior accidents and safety violations is GRANTED.

The court notes that Defendants' first theory of admissibility regarding the safety infractions really involves three categories of evidence: seizures, job restrictions, safety violations. The court has already ruled that Plaintiff's seizures and medication taken for them, are relevant for the jury to consider in regard to his actions at the time of the accident, and, also as part of his total medical condition as that may relate to the Plaintiff's claim for damages based

on future disability, pain and suffering, and diminished earning capacity. (*See* Doc. # 92.) In addition, the restrictions on Plaintiff's employment that allegedly resulted from the seizures may be relevant to show Plaintiff's vocational limitations and diminished earning capacity, assuming the Defendants can lay the proper foundation for the admissible portion of Defendants' Exhibit #39. But, evidence of Plaintiff's prior safety violations and accidents is irrelevant to Plaintiff's actions at the time of the accident and to determining Plaintiff's future damages.

Defendants next contend that evidence of Plaintiff's prior accidents and safety violations is relevant to rebut the anticipated testimony of Randall McDaniel, Plaintiff's vocational expert. Defendants anticipate that McDaniel will testify as to the other types of employment that would have been available to Plaintiff, but for the injuries he sustained in the accident at issue. Defendants seek to rebut this anticipated testimony with evidence that other warehousing jobs would not have been available to Plaintiff even in the absence of his injury because his seizure history led to several past accidents. Similarly, Defendants claim that evidence of Plaintiff's prior accidents and safety violations are relevant to Plaintiff's claim for the loss of future earnings.

The court concludes that Plaintiff's prior accidents and safety violations that occurred at WestPoint Homes are not relevant to show what warehousing jobs would have been available to Plaintiff in the absence of the accident at issue, or to show the extent of Plaintiff's loss of earnings. Again, the court has already ruled that evidence of Plaintiff's seizures is admissible to show how Plaintiff may have acted at the time of the accident and to show the extent of Plaintiff's recoverable damages, and the restrictions on Plaintiff's employment that allegedly resulted from his seizures may be admissible for the same purposes. The court does not find,

however, that Plaintiff's safety infractions committed at WestPoint Home are relevant to his conduct prior to the accident, vocational opportunities, or future earning capacity, so long as testimony concerning other available jobs is limited to the Plaintiff's ability to perform the relevant type of work, and not that other companies would have hired him.  The same reasons the court provided above in rejecting Defendants' first theory of admissibility apply to this theory, as the evidence is inadmissible pursuant to Fed. R. Evid  401, 404, or 403.

Defendants next contend that Plaintiff's prior safety violations and subsequent counseling by his employers is admissible under Fed. R. Evid. 404(b).  Defendants argue that this evidence shows "Plaintiff's knowledge regarding the dangers of violating Westpoint facility's procedures and are therefore relevant to Defendant's allegations that Plaintiff is guilty of contributory negligence and assumed the risk of violating Westpoint's facility's procedures at the time of the accident made the basis of this lawsuit."  (Doc. #80 at 3.)

The court cannot agree that Plaintiff's prior accidents and safety violations are admissible under Fed. R. Evid. 404(b).  The accidents and safety violations documented in the personnel records are unrelated to the accident at issue in this case, and do not show that Plaintiff had any knowledge of the dangers flowing from the alleged safety violation that Defendants claim caused the accident at issue.  The past safety violations, which range from not wearing safety goggles while changing a battery to driving a forklift while sleepy, bear almost no relationship to the safety violation at the center of the current controversy – whether Plaintiff followed proper loading procedures.  (Doc. #54-1.)  In addition, even if the evidence were somehow relevant under Rule 401 and admissible under Rule 404(b), the court would exclude the evidence

pursuant to Rule 403, as the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Defendants finally contend that Plaintiff's prior safety violations and accidents are admissible to impeach the Plaintiff's testimony and to impeach the credibility of Randall McDaniel's opinion: Defendants assert that Plaintiff testified in his deposition that he did not have any restrictions at work because of his seizures, and Defendants seek to crossexamine Plaintiff regarding his denial of these restrictions. Defendants also seek to rebut and impeach the credibility of Randall McDaniel's methodology and opinions in regards to the Plaintiff's duties as an employee at Westpoint at the time of the accident. Defendants assert that McDaniel does not have a thorough grasp of Plaintiff's employment history at Westpoint because he never reviewed Plaintiff's employment records and based his opinion on what Plaintiff conveyed to him. Defendants thus contend they are entitled to cross examine McDaniel on his lack of knoweldge regarding the Plaintiff's employment history at Westpoint, which includes Plaintiff's past accidents and safety violations.

As for impeaching Plaintiff's testimony, the court finds that evidence of Plaintiff's job restrictions that resulted from Plaintiff's seizures is admissible, but evidence of Plaintiff's prior accidents and safety violations is not admissible. Assuming that Plaintiff denies the existence of seizure-related restrictions at trial, any impeachment would be complete by submitting evidence that the restrictions exist. Evidence of Plaintiff's past safety violations and accidents is unnecessary for impeachment purposes.

As for cross examining McDaniel, the court agrees that if McDaniel testifies as to Plaintiff's employment history, Defendants are entitled to cross examine McDaniel as to the

information on which he relied in evaluating Plaintiff's employment history. This cross examination may include questions regarding Plaintiff's job restrictions. The Defendants may not, however, cross examine McDaniel as to his knowledge of Plaintiff's prior safety violations and accidents. McDaniel's knowledge of Plaintiff's prior safety violations and accidents is not relevant to Plaintiff's future vocational possibilities based on his ability to perform the work. While another prospective employer might have considered those facts in making a decision to hire or not to hire, many other factors would go into that decision as well. So long as it is not stated that he would actually have been hired by someone else, but only that he could have performed the work in other jobs that he was doing before the accident, which may be made clear on cross examination, the evidence is not relevant. Even if the evidence were relevant and not a collateral matter, the court would exclude this evidence pursuant to Rule 403, as the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Accordingly, it is hereby ORDERED as follows:

(1) The Plaintiff's Motion in Limine #3 (Doc. #54) seeking to exclude all evidence of prior alleged safety violations and prior alleged accidents involving the Plaintiff is GRANTED to the extent set out in this Order.

(2) Plaintiff's Objection to Defendants' Exhibit #39 (Doc. #57, #94-6, #94-7) is SUSTAINED as to all of the exhibit except the relevant portion addressing the job restrictions placed on Plaintiff, which may be admitted only upon the laying of a proper foundation.

Done this 12th day of May, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE